### L. CRAIN, ETC., *v.* JOHN HARGIS.

**Improvements—Removal of Building.**

> One who has erected a building on the land of another by mistake must within a reasonable time remove the building, or abandon the improvements to the owner of the land.

#### APPEAL FROM ROWAN CIRCUIT COURT.

January 31, 1873.

OPINION BY JUDGE PRYOR:

It is evident from the facts in the case that the appellee erected the buildings on the lot of the appellants under the belief that it was his own property, although the evidence discloses the fact that he might have ascertained the location of his own lot by having consulted the records of the county clerk's office, or by making enquiry of the citizens of the town, all of whom seem to have known the location of the town lots.

It is difficult to believe that any one would have placed such an improvement upon property not his own and belonging to a mere stranger without compensation unless in ignorance of his rights.

It is immaterial, however, so far as the appellant's right to recover is concerned, whether the building was placed upon the lot by mistake or with knowledge that it was the property of appellant, except on the latter case, no relief would be given by the chancellor.

The chancellor, however, in the present case has no power to divest the appellants of their title to this ground or to compel them to pay for the improvements.

There is no such law or equity that would compel the owner of land to surrender his title because another had made improvements upon it by mistake.

It is the misfortune of the party committing the mistake, and the owner can not be required to give up his land or have it subjected to sale, in order to reimburse the party making such an expenditure.

He should be permitted to remove the buildings from off the premises and for that purpose a reasonable time should be given him therefor.

This he must do or abandon his improvements to the one owner. Where a tenant erects temporary building on the land of the lessor he may remove them at the expiration of the tenancy and the present appellee occupies no better position towards the owner than the tenant to his landlord.

The judgment of the court below is reversed and the cause remanded for further proceedings consistent with this opinion.

*Scott, Burns, for appellants.*

*Hargis, for appellee.*